THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN SOTO RÍOS, Defendant and Appellant.

No. CR-66-411.     Decided December 5, 1967.

*Rolando Emmanuelli Sepúlveda* and *Jorge Santos Santiago* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Irene Curbelo, Assistant Solicitor General,* for The People.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Appellant, Juan Soto Ríos, was accused of murder in the first degree, second offense, and was convicted by a jury of voluntary manslaughter. He was also convicted of violation of § 8 of the Weapons Law (felony) and of § 6 of said law (misdemeanor). On appeal he assigns as the only error that the trial court did not acquit the defendant when

from the very evidence of the prosecution it appears that it is a case of legitimate self-defense or at least of a reasonable doubt as to whether the defendant acted in self-defense.

As it may be noted, the error assigned is directed to the weight and credibility of the evidence. We have read the transcript of the oral evidence and cannot agree with appellant in the error he assigns. The evidence for the prosecution tended to show that he and the victim quarreled, first by word of mouth and then came to blows, at a place between their residences. In the course of these events, appellant went to his house and the victim to his and both returned to the place, the former with revolver in hand and the latter with a small machete. They walked towards each other and as appellant came closer he fired some shots into the air. They met at a point nearer the victim's house than appellant's. The victim began to strike with the machete and appellant shouted to take him away. On one occasion, the victim wounded appellant on one hand and simultaneously the latter fired a shot at him which killed him at once.

The evidence for the defense tended to show that in the course of the fight and while they were struggling the victim pulled out a revolver which he carried on his person and appellant took it away from him. That at that moment the former's wife arrived with two machetes and both, he and his wife, attacked appellant with the machetes, appellant having to use the revolver which he had taken from the other.

Although it is true that from the evidence for the prosecution there appear some elements of self-defense, it is also true that it reveals some elements which destroy the self-defense. In such case the question rested on whether the version of the prosecuting attorney or that of appellant was to be believed. The jury, with instructions we consider correct, settled the conflicting evidence, disregarded the theory of self-defense, and brought a conviction against appellant

of voluntary manslaughter. There is no reason for us to disturb the verdict of conviction.

■ The record shows a situation which, even though it has not been raised by the defense, nevertheless it deserves correction on our part in furtherance of justice. The information charging murder in the first degree alleged the condition of subsequent offense. The information contains the following final allegation:

"The prosecuting attorney alleges the condition of subsequent offense in this case because the aforesaid defendant, Juan Soto Ríos, in Criminal Case No. 15411 of the Judicial District Court of Ponce, Puerto Rico (Today Superior Court of Puerto Rico, Ponce Part), was convicted of the crime of MAYHEM (Felony) and sentenced on May 27, 1949, to serve from one to fifteen years in the penitentiary, which sentence is final and unappealable."

■ We have examined the record including the actions prior to the commencement of the trial, and at no time did appellant accept the former allegation. When the defendant was called for arraignment the minutes reveal that the information was accepted as read and the defendant pleaded not guilty and requested a trial by jury. At the commencement of the trial the transcript of the proceedings reveals that after the jury was sworn, when the information was offered to be read, it was accepted as read, and the defense reiterated its plea of not guilty.

Rule 73 of the Rules of Criminal Procedure of 1963 provides that the plea of not guilty constitutes a denial of every material allegation of the information or complaint.

Rule 48 provides that an information or complaint shall not contain any allegations whatsoever of former convictions of the defendant, except when an allegation to that effect is a material ingredient of the offense, *or to allege the condition of second offender* or of habitual offender in relation to the defendant.

Rule 68 provides that when the information charges a subsequent offense or habitual delinquency the defendant may, at the time of making his plea, or at any subsequent time provided it is prior to the reading of the information to the jury, admit the former conviction or convictions and, in such case, the jury shall not be informed in any manner whatsoever of the existence of said conviction or convictions.

Finally, Rule 146 provides in its second paragraph, that where the jury must determine whether or not a previous conviction exists and the verdict returned is guilty, it shall also state *if the charge of previous conviction is true or not.*

In this case, as we stated, the defendant did not admit the allegation of subsequent offense or of commission of a former offense. The fact had to go to the jury and the jury's verdict should state whether or not the charge of previous conviction was true. The jury's verdict states nothing on that particular and it could state nothing, because from the record it does not appear that the prosecuting attorney introduced evidence to support the allegation of second offense. Such evidence should have been introduced since the defendant, who had denied the allegation, should have been able to show, if that was the case, that he was not the Juan Soto Ríos convicted in the previous case.

In rendering judgment the trial court imposed on appellant, in the conviction of voluntary manslaughter, a sentence of from 12 to 20 years in the penitentiary. Undoubtedly, the court sentenced considering the condition of subsequent offense.

For the reasons stated, and the conviction of voluntary manslaughter being proper according to the verdict, the judgment rendered by virtue of said conviction will be set aside and the case will be remanded to the trial court to render another adjusting it to the sentences prescribed for the offense of voluntary manslaughter. The judgments in the cases concerning violations of the Weapons Law will be affirmed.

Mr. Justice Belaval did not participate herein. Mr. Justice Blanco Lugo concurs in the result.